KM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jasper Ian Webster,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Respondents. | No.　CV 22-08242-PCT-JAT (JZB)<br><br>**ORDER** |

Petitioner Jasper Ian Webster, who is confined in the Arizona State Prison Complex-Florence, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner did not pay the filing fee or file an Application to Proceed In Forma Pauperis. The Court will dismiss the Petition without prejudice.

**I.　Petition**

This is Petitioner's **second** petition for a writ of habeas corpus challenging his conviction in Mohave County Superior Court, case #CR 2011-01290, for two counts of sexual abuse, two counts of aggravated assault, five counts of sexual conduct with a minor, one count of molestation of a child. On January 10, 2018, Petitioner filed his first petition for a writ of habeas corpus regarding that conviction, *Webster v. Ryan*, 18-08003-PCT-JAT. In a June 6, 2019 Order (Doc. 31 in 22-08003-PCT-JAT), the Court denied the petition on the merits, and the Clerk of Court entered Judgment accordingly (Doc. 32 in 18-08003-PCT-JAT).

Under 28 U.S.C. § 2244, a petitioner may not file a second or successive § 2254 petition in this Court unless the petitioner has obtained certification from the Ninth Circuit Court of Appeals authorizing the Court to consider the second or successive § 2254 petition. 28 U.S.C. § 2244(b)(3)(A). The current Petition is a "second or successive" petition because (1) the original petition was dismissed with an adjudication on the merits, (2) the current Petition challenges the same judgment as the initial petition, and (3) the facts underlying the claims in the current Petition accrued by the time of the initial petition. *Slack v. McDaniel*, 529 U.S. 473, 485-486 (2000); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). Because the current Petition is a second or successive petition and because Petitioner has not presented a certification order from the Ninth Circuit authorizing the Court to consider it, the Court will dismiss the current Petition and this action. The Court, however, will dismiss the case without prejudice so Petitioner can seek certification from the Ninth Circuit to file a second or successive § 2254 petition.[1]

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and this action are **dismissed without prejudice**, and the Clerk of Court must **enter judgment** accordingly.

(2) The Clerk of Court must provide Petitioner with a copy of the form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

. . . .

. . . .

. . . .

---

[1] In order to obtain certification from the Ninth Circuit, the Petitioner must demonstrate that the claim or claims "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 20th day of January, 2023.

James A. Teilborg
Senior United States District Judge

**Form 12.** **Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255**   *(New, 7/1/02; Rev. 7/1/16 )*

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
P.O. Box 193939
San Francisco, California 94119-3939

Docket Number (to be provided by Court)

Applicant Name

Prisoner Registration Number

Address

Name of Respondent (Warden)

## Instructions - Read Carefully

(1) This application, whether handwritten or typewritten, must be legible and signed by the applicant under penalty of perjury. An original must be provided to the Clerk of the Ninth Circuit. The application must comply with 9th Circuit Rule 22-3, which is attached to this form.

(2) All questions must be answered concisely. Add separate sheets if necessary.

(3) If this is a capital case, the applicant shall serve a copy of this application and any attachments on respondent and must complete and file the proof of service that accompanies this form.  If this is not a capital case, service on the respondent is not required.

(4) The proposed 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion that applicant seeks to file in the district court must be included with this form.

(5) Applicants seeking authorization to file a second or successive section 2254 habeas corpus petition shall include copies of all relevant state court decisions if reasonably available.

## You *Must* Answer the Following Questions:

(1) What conviction(s) are you challenging?

_____

_____

(2) In what court(s) were you convicted of these crime(s)?

_____

_____

(3) What was the date of each of your conviction(s) and what is the length of each sentence?

_____

_____

**For questions (4) through (10), provide information separately for each of your previous §§ 2254 or 2255 proceedings. Use additional pages if necessary.**

(4) Has the judgment of your conviction or sentence been modified or amended? If yes, when and by what court?

_____

_____

(5) With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under **28 U.S.C. § 2254 or § 2255**?

Yes ☐   No ☐

    (a) In which federal district court did you file a petition or motion?

    _____

    (b) What was the docket number?

    _____

    (c) On what date did you file the petition/motion?

    _____

(6) What grounds were raised in your previous habeas proceeding?
(list all grounds and issues previously raised in that petition/ motion)

_____

_____

(7) Did the district court hold an evidentiary hearing?     Yes ☐   No ☐

(8) How did the district court rule on your petition/motion?

☐ District court **dismissed** petition/motion? If yes, on what grounds?

_____

☐ District court **denied** petition/motion;
☐ District court **granted** relief; if yes, on what claims and what was the relief?

_____

(9) On what date did the district court decide your petition/motion?
_____

(10) Did you file an appeal from that disposition?          Yes ☐   No ☐

    (a) What was the docket number of your appeal?

_____

    (b) How did the court of appeals decide your appeal?

_____
_____

(11) State concisely each and every ground or issue you wish to raise in your current petition or motion for habeas relief. Summarize briefly the facts supporting each ground or issue.

_____
_____
_____

(12) For each ground raised, was it raised in the state courts? If so, what did the state courts rule and when? (Attach a copy of all relevant state court decisions, if available)

_____
_____

(13) For each ground/issue raised, was this claim raised in any prior federal petition/motion?
(list each ground separately)

_____
_____
_____

(14) For each ground/issue raised, does this claim rely on a new rule of constitutional law?
(list each ground separately and give case name and citation for each new rule of law)

_____
_____
_____

(15) For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence and when did you discover it? Why has this newly discovered evidence not been previously available to you?
(list each ground separately)

_____
_____
_____

(16) For each ground/issue raised, does the newly discovered evidence establish your innocence? How?

_____

_____

(17) For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error? Which provision of the Constitution was violated and how?

_____

_____

(18) Provide any other basis for your application not previously stated.

_____

_____

_____

Date: _____    Signature: _____

**In capital cases only, proof of service on respondent MUST be attached.  A sample proof of service is attached to this form.**

**Attach proposed section 2254 petition or section 2255 motion to this application.**